**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:96-CR-256-K** |
| | ) | **(3:05-CV-1477-K)** |
| **RODNEY BERNARD ALLEN, #28935-077,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently incarcerated in the federal prison system. The Court issued process in this case.

Statement of the Case: Following his plea of not guilty, a jury convicted Movant of being a felon in possession in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). United States v. Allen, 3:96cr256-K (N.D. Tex.). The District Court imposed an enhanced sentence of 293 months imprisonment, and a five-year term of supervised release. Id. On January 9, 1998, the Fifth Circuit affirmed his conviction, and on April 6, 1998, the Supreme Court denied his petition for a writ of certiorari. See Allen v. United States, No. 97-10339

On June 11, 1999, Movant filed a motion to extend the time for filing a § 2255 motion,

which the District Court denied on July 12, 1999.

In the instant § 2255 motion, filed on July 25, 2005, Movant challenges his conviction and the enhancement of his sentence.[1]  In three grounds, he alleges (1) he is actually innocent of the crime he was charged in the indictment; (2) trial counsel rendered ineffective assistance when he failed to investigate the prior state convictions used to enhance his sentence; and (3) his conviction was based on evidence obtained pursuant to an unconstitutional search and seizure. (§ 2255 Mot. at 7-8).  In support of his second ground, Movant claims that newly discovered evidence establishes that his prior state convictions were unconstitutional.  (Id. at 8-9).

In response to this court's order to show cause, the Government filed an answer arguing the § 2255 motion is barred by the one-year statute of limitations.  In his reply, Movant claims that "[t]here is no one-year statute of limitations for actual innocence." (Movant's Reply at 1).

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255.  See 28 U.S.C. § 2255, ¶ 6.

The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted.  In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); accord Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  Consequently, Movant's unsupported assertion that his actual

---

[1] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), the § 2255 motion is deemed filed on July 7, 2005, the date on which Movant signed his motion and purportedly handed it to prison officials for mailing.

innocence claim precludes the dismissal of his § 2255 motion as untimely should be denied.

As set out more fully below, the Court will analyze the timeliness of the motion to vacate under § 2255, ¶ 6 (1)-(4), and will consider Movant's actual-innocence claim (primarily ground 1) in the context of equitable tolling.

The one-year period is calculated from the latest of either (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See 28 U.S.C. § 2255, ¶ 6.

Movant has alleged no impediment created by government action under subparagraph (2) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (3).  While he relies in passing on Apprendi v. New Jersey, 530 U.S. 466 (2000), it is now well established that neither Apprendi nor its progeny – Blakely v. Washington, 542 U.S. 296 (2004), or United States v. Booker, 543 U.S. 220 (2005) – applies retroactively to an initial § 2255 motion.  See United States v. Gentry, ___ F.3d ___, 2005 WL 3317891 (5th Cir. Dec. 8, 2005) (Booker is not retroactively applicable to initial § 2255 motions); United States v. Brown, 305 F.3d 304 (5th Cir. 2002) (Apprendi is not retroactive on collateral review of initial § 2255 motions).

With regard to subparagraph (4), the Court determines that the facts supporting Plaintiff's

3

second and third grounds – which relate to the constitutionality of the search and seizure incident to his arrest, and counsel's failure to investigate his prior convictions used for enhancement purposes – became known or should have become known prior to the date Movant's judgment of conviction became final. As of that time, Movant knew that he had been convicted as a felon in possession as a result of the search and seizure incident to his arrest, and that his sentence had been enhanced on the basis of his prior state convictions. As a result, Movant should have exercised due diligence in beginning his research of those issues shortly after his conviction in this case became final, instead of waiting for over five years before requesting a copy of the police reports and state indictments, and before requesting clarification from the U.S. Probation Office, as he alleges at length in his pleadings. (Pet's Reply at 8-9).[2]

Having concluded that subsections (2)-(4) of § 2255, ¶ 6 do not apply, the Court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See § 2255, ¶6 (1).

Movant's conviction became final on April 6, 1998, the date on which the Supreme Court denied his petition for writ of certiorari. See United States v. Thomas, 203 F.3d 350, 355 (5th Cir. 2000); see also Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1532 (2005) (following same approach in a petition under 28 U.S.C. § 2254). The one-year limitation period began to run on April 7, 1998, the day after Movant's conviction became final, see Flanagan v. Johnson,

---

[2] In Johnson v. United States, ___ U.S. ___, 125 S.Ct. 1571, 1582 (2005), the Supreme Court recently reiterated that a federal prisoner who seeks to obtain an order vacating his prior state conviction used to enhance his federal sentence must act with due diligence in seeking such a vacatur, in order to trigger renewal of the one-year limitation period for filing a § 2255 motion.

154 F.3d 196, 202 (5th Cir. 1998), and expired on April 6, 1999. Movant did not file this § 2255 motion until July 7, 2005, more than six years after the expiration of the one-year limitation period. Therefore, the § 2255 motion is clearly time barred absent equitable tolling.

The one-year statute of limitations can be equitably tolled only in cases presenting "rare and exceptional circumstances." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)); see also Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." Id. at 715, n. 14. Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Movant asserts that he is actually innocent of the crime and the enhanced sentence. While the one-year limitation period might raise serious constitutional questions where it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for

Case 3:96-cr-00256-K   Document 96   Filed 12/22/05   Page 6 of 8   PageID 384

which he was convicted, Movant has not shown that he has reliable new evidence that establishes his actual innocence. See Schlup v. Delo, 513 U.S. 298, 329 (1995).

Insofar as Movant requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); United States v. Riggs, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). In addition, Movant has not shown himself to be actually innocent of the offense or of the enhanced sentence. The assertion of such claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord Finley v. Johnson, 243 F.3d 215, 221 (5th Cir. 2001); United States v. Jones, 172 F.3d 381, 384 (5th Cir. `1999).

Movant merely points to the indictment and the evidence presented at his federal trial. He asserts that he is actually innocent of being a felon in possession because the indictment fails to identify the serial number of the gun that he was accused of possessing, and because there may be a problem with the chain of custody of the weapon he was accused of possessing. (See § 2255 Mot. at 7; Memorandum in Support at 6; and Movant's Response to Show Cause Order at 4-6). With respect to the enhancement of his sentence, Movant alleges that the evidence of his prior state convictions was false and fabricated for the sole purpose of sentencing him as an Armed Career Criminal. (Movant's Reply at 20).

Such assertions, do not carry Movant's heavy burden to show that he is actually innocent. Movant has not shown that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial, and that his sentence would not have been enhanced on the basis of his prior state convictions. See United States v. Espinoza, 2005 WL 2291620, *3 (N.D. Tex. 2005), report & recommendation adopted by, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G). The party seeking equitable tolling has the burden to show entitlement to such tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Because movant has not carried his burden to show that equitable tolling is warranted, such tolling does not save the instant motion to vacate.[3]

Consequently, the Court should deny Movant's § 2255 motion as untimely.[4]

---

[3] The Court further notes that Movant did not diligently pursue his rights. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). Movant concedes doing absolutely nothing for five years following the affirmance of his conviction and the denial of his petition for writ of certiorari. Upon receiving his paid copy of the state indictments on or about September 11, 2003 (see Movant's Resp. to Show Cause at 15, and Exh. 29 attached to Movant's Reply), Movant delayed for more than one year, until January 13, 2005, before he contacted the U.S. Probation Office, (see Movant's Reply at 20). Following receipt of the February 14, 2005 response from the U.S. Probation Office, he waited for an additional five months before submitting this § 2255 motion for filing. These delays – clearly of Movant's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

[4] Movant's pleadings rely at length on Sawyer v. Whitley, 505 U.S. 333 (1992), which addressed actual innocence in the context of successive claims, and on Dretke v. Haley, 541 U.S. 386 (2004), which held that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default. Neither opinion advances Movant's arguments in this case.

7

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate under 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

A copy of this recommendation will be mailed to Movant and Counsel for the Government.

Signed December 22, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.